Lance C. Venable (#017074)
lancev@vclmlaw.com
Wendy K. Akbar (#025340)
wakbar@vclmlaw.com
**VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.**
1938 East Osborn Road
Phoenix, Arizona 85016

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **INTER123 CORPORATION,** a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**CHADI GHAITH,** an individual and foreign resident of LEBANON;<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT OF RIGHTS**<br><br>**[JURY REQUESTED]** |

The Plaintiff, Inter123 Corporation ("Inter123"), through its attorneys, Venable, Campillo, Logan & Meaney, P.C., seeks a declaratory judgment against Defendant Ghadi Ghaith and for its claims against the Defendant alleges as follows:

## PARTIES

1. Plaintiff Inter123 is a Nevada corporation with its principal place of business located in Phoenix, Arizona.

2. Upon information and belief, Defendant Chadi Ghaith ("Ghaith") is an individual and foreign resident of the country of Lebanon.

3. Upon information and belief, although <u>not</u> a party to this action, GoDaddy.com, LLC ("GoDaddy") is a Delaware limited liability company with its principal place of

1

business located in Scottsdale, Arizona.

## JURISDICTION, LAW AND VENUE

4. This action arises under the laws of the state of Massachusetts under a choice-of-law provision in an agreement between Inter123 and Ghaith.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and has ancillary jurisdiction to hear all pendant claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Ghaith because at least a substantial part of the acts or events giving rise to this action occurred in this district.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

8. Inter123 is in the business of investing in technological ventures, many of which are investments in the form of investments in companies as a risk-based investor. Inter123 makes significant purchases and sales of internet domain names, some resulting in hundreds of thousands of dollars of profits.

9. As part of its business, Inter123 sought to obtain an internet domain name it considered highly valuable for its current and future business dealings.

10. Specifically, Inter123 wanted to obtain a second-level domain for the word MOBILE.

11. By owning a second-level domain for the word MOBILE, Inter123 would have a highly desirable name and would give it a substantial competitive advantage in the marketplace.

12. As part of its attempt to obtain the MOBILE domain name, Inter123 learned that for most top-level domains e.g. .com, .net, .org, the word MOBILE was not available.

13. In early 2014, Inter123 learned that the word MOBILE was being offered for

2

1 sale under the top-level domain CO[1] through a domain-name auction site by Defendant
2 Ghaith.

3     14.   On information and belief, Ghaith owns all rights and title to the MOBILE.CO
4 domain name and it is currently hosted on GoDaddy's servers in Scottsdale, Arizona.  A
5 copy of the WHOIS registry entry is attached as Exhibit A.

6     15.   On February 22, 2014, the parties engaged in a six-day long negotiation over
7 the sale price of the domain name.  A copy of a record showing the negotiation is
8 attached as Exhibit B.

9     16.   Ultimately, the parties agreed that Inter123 would pay Ghaith $59,000 in
10 exchange for transferring complete ownership in the MOBILE.CO domain name to
11 Inter123.

12     17.   To facilitate the transfer of the domain name, the parties agreed to use a third-
13 party escrow service.  The company they chose was Sedo LLC.

14     18.   The parties negotiated a separate written agreement to facilitate the transfer of
15 the domain name.  A copy of the Agreement is attached as Exhibit C.

16     19.   Paragraph 4(c) of the Agreement required Inter123 to first provide Sedo with
17 the $59,000 payment within 6 days of the effective agreement date.

18     20.   Shortly after receiving the payment, Sedo was required to email to Ghaith
19 notifying him that it received the payment from Inter123.

20     21.   Paragraph 4(d) of the Agreement then required Ghaith to immediately thereafter
21 send an email to Sedo providing authorization information that it could use to contact
22 GoDaddy so GoDaddy would transfer ownership of the MOBILE.CO domain name to
23 Inter123.

24     22.   Paragraph 5(a) of the Agreement also provides that due to the unique and
25 specific nature of Internet domain names, if Ghaith breaches the Agreement by not
26 transferring the domain name, Inter123 has the right to demand Ghaith specifically

---

[1] The .CO top-level domain is assigned to the country of Columbia, but can be used and accessed from anywhere in the world.

3

perform his obligation to transfer the domain name to Inter123.

23. On March 3, Inter123 wired SEDO the required $59,000.

24. On information and belief, Sedo immediately thereafter sent Ghaith an email notifying him that it received the $59,000 from Inter123.

25. On information and belief, after several business days, Ghaith provided no transfer authorization to Sedo as required under the Agreement.

26. Sedo has also notified Inter123 that it made several attempts to contact Ghaith, but Ghaith did not responded to any of them.

27. On the morning of March 7, Sedo contacted the CEO of Inter123 and notified him that Ghaith contacted Sedo and demanded that it cancel the transaction.

28. Because of the nature and value of the MOBILE.CO domain name, Inter123 has a substantial and reasonable belief that Ghaith has either received, or is currently seeking other offers to transfer the domain name at a substantially higher price than it agreed to with Inter123.

29. As a result of the cancellation, Inter123 contends Ghaith no longer intends to transfer the domain name to Inter123.

30. As a result of Ghaith's cancellation, Inter123's failure to acquire the MOBILE.CO domain name is both irreparably harming and harming Inter123 in an amount far greater than the monetary value of the domain name it was willing to pay to Ghaith.

31. By failing to perform his obligations, Ghaith has breached the Agreement and Inter123 is entitled to a declaration from this Court that Ghaith has indeed breached the Agreement.

32. Inter123 also on information and belief contends that unless it obtains an immediate order from this Court: (1) restraining Ghaith from authorizing the transfer of the MOBILE.CO domain name to anyone other than Inter123, and (2) requiring GoDaddy to transfer the MOBILE.CO domain name to Inter123, GoDaddy will transfer the domain to a third-party hosting site outside of the United States, which would make

4

it all but impossible for Inter123 to obtain the rights to the MOBILE.CO domain name.

33. Under the specific performance terms in the Agreement, Inter123 is entitled to a temporary and preliminary restraining order prohibiting GoDaddy from transferring the MOBILE.CO domain name to anyone other than Inter123 and then subsequently requiring Ghaith, through GoDaddy, to immediately transfer the domain name to Inter123.

## COUNT I – BREACH OF CONTRACT

34. Inter123 made a valid offer to Ghaith to pay $59,000 in exchange for the transfer of all rights and interest in the MOBILE.CO domain name Ghaith owned.

35. Ghaith accepted Inter123's offer.

36. Inter123 performed its obligations under the agreement by providing $59,000 in a bank wire to Sedo as the escrow agent the parties agreed to use to facilitate the transfer of the domain name.

37. Ghaith has breached the contract by cancelling the transaction and not "[i]mmediately performing all necessary steps required to complete the transfer of [the domain name] as soon as receiving related instructions from the assigned Sedo representative."

38. Inter123 has been irreparably damaged as a result of Ghaith's breach of the agreement in an amount far greater than the amount of the $59,000 proposed for the purchase of the domain name.

## PRAYER FOR RELIEF

WHEREFORE, Inter123 seeks a declaration and a judgment from the Court granting the following relief:

    A.    Ordering that Ghaith has breached the Agreement it has with Inter123;

    B.    Temporarily, preliminarily, and permanently enjoining Ghaith and his officers, directors, partners, agents, representatives, shareholders, employees, affiliates,

and all others acting in concert with them, from transferring the MOBILE.CO domain name from GoDaddy to any third party;

  C. Awarding Inter123 all right, title, and interest in the MOBILE.CO domain name;

  D. Ordering GoDaddy to immediately transfer possession of the MOBILE.CO domain name to Inter123;

  E. Awarding Inter123 any compensatory damages from Ghaith in an amount to be proven at trial;

  F. Awarding Inter123 its actual attorney fees from Ghaith under paragraph 5(b) of the parties' Agreement.

  G. Awarding Inter123 its taxable costs from Ghaith incurred including any amounts paid to Sedo for its escrow services;

  H. Awarding pre-judgment interest on any damage award against Ghaith; and

  I. Granting any further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff demands a Jury Trial on all issues so triable.

DATED this 7th day of March, 2014.

            By *s/ Lance C. Venable*
            Lance C. Venable
            Wendy K. Akbar
            VENABLE, CAMPILLO, LOGAN & MEANEY, PC
            1938 East Osborn Road
            Phoenix, Arizona 85016

            *Attorneys for Plaintiff*