**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Inter123 Corporation, | No. CV-14-00463-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Chadi Ghaith, | |
| Defendant. | |

Plaintiff Inter123 Corporation filed this action on March 7, 2014, along with a motion for a temporary restraining order ("TRO") and a preliminary injunction. Docs. 1, 4. The Court entered a TRO on March 14, 2014 (Doc. 15), and Plaintiff now seeks a preliminary injunction. Defendant has moved to vacate the TRO. Doc. 20.

A preliminary injunction hearing was held on March 27, 2014, at which the Court extended the TRO for 14 days and ordered the parties to file additional briefing on a number of issues. Doc. 22. The parties submitted their memoranda (Docs. 23, 24) and Plaintiff filed a motion for alternative service (Doc. 25). An additional hearing was held on April 3, 2014.

After careful consideration, the Court concludes that Defendant, who is located in the country of Lebanon, does not have sufficient contacts with Arizona, related to this case, to support the exercise of personal jurisdiction over him. The Court accordingly will deny Plaintiff's motion for a preliminary injunction and grant Defendant's request to vacate the TRO. The Court recognizes that this decision may permit Defendant to avoid accountability for an alleged (and apparently clear) breach of a contract to sell the

1 mobile.co domain name to Plaintiff, but the Court is bound to apply legal principles
2 neutrally, and its best application of those principles leads to the conclusion that it does
3 not have personal jurisdiction over Defendant.

**I.  Legal Standard.**

To obtain a preliminary injunction, Plaintiff must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit analyzes these four elements using a "sliding scale" approach, in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). An injunction may be granted when serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiff's favor. *Id.* at 1135.

**II.  Analysis.**

Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions because Defendant is not subject to personal jurisdiction in this Court. Plaintiff bears the burden of establishing personal jurisdiction. *See Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). As there is no applicable federal statute governing personal jurisdiction, Arizona's long-arm statute applies. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Federal due process requires that a defendant have "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two kinds of personal jurisdiction – general and specific. Plaintiff does not contend that Defendant is subject to general jurisdiction in Arizona, which would

require a continuous and systematic presence in the state. The Ninth Circuit has established a three-part inquiry for specific jurisdiction: (1) has the defendant purposefully directed his activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, (2) do the claims arise out of or relate to the defendant's forum-related activities, and (3) is the exercise of jurisdiction reasonable? *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). In a contract case, the purposeful availment standard "requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (internal citation omitted).

Plaintiff asserts that Defendant has purposefully availed himself of the privilege of conducting business in Arizona by: (1) registering the mobile.co domain name with GoDaddy, an Arizona-based company, and maintaining it there for four years; (2) consenting in his contract with GoDaddy to be subject to suit Arizona for any dispute between GoDaddy and Defendant; (3) negotiating for the sale of the mobile.co domain name with Plaintiff, which has its principal place of business in Arizona, and with Plaintiff's President, Jeffrey Peterson, who resides in Arizona; (4) entering into a contract with Plaintiff which called for Plaintiff to transfer funds from Arizona for purchase of the domain name; (5) transferring the domain name from GoDaddy to an Australian company after this lawsuit commenced; and (6) communicating with Mr. Peterson (who was in Arizona) via Facebook after this lawsuit commenced. Doc. 24.

The Court divides these contacts into three categories: (a) Defendant's business dealings with GoDaddy related to the domain name, (b) Defendant's negotiation and execution of the sale contract with Plaintiff, and (c) Defendant's post-litigation actions. The Court will address each category.

/ / /

**A.     Dealings with GoDaddy.**

Defendant's business dealings with GoDaddy suggest that he personally availed himself of the privilege of doing business in Arizona.  He registered his domain name with an Arizona company, kept it here for four years, and consented to suit in Arizona for any disputes he had with GoDaddy.  Although these contacts satisfy the first element of the specific jurisdiction test, they do not satisfy the second.  The Court cannot conclude that the present lawsuit arises out of Defendant's contacts with GoDaddy.

The Ninth Circuit applies a "but for" analysis to the second element of the specific jurisdiction test.  A dispute arises out of forum-related contacts if the claims would not have arisen "but for" those contacts.  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Defendant's contacts with GoDaddy are not a "but for" cause of this lawsuit.  This case arises out of Defendant's alleged breach of his agreement to sell the mobile.co domain name to Plaintiff.  That agreement was a simple buy-sell arrangement, negotiated and to be consummated through the on-line domain sales website Sedo.com.  Plaintiff was to transfer $59,000 to Defendant through Sedo.com, and Defendant was to transfer control of the domain name to Plaintiff through Sedo.com.  Plaintiff sent the money, but Defendant never transferred the domain name, leading to the filing of this action.  The fact that the domain name was hosted at GoDaddy was not a term or requirement of the sale contract, a point of negotiation between the parties, or a reason for the breach.

Plaintiff argued at the hearing on April 3 that it was particularly attracted to the mobile.co domain name because the name was hosted at GoDaddy, Plaintiff had accounts at GoDaddy, and the transfer would therefore be relatively easy to complete.  The Court cannot conclude, however, that "but for" the domain name being hosted at GoDaddy, the sale contract would not have been entered or breached.  Plaintiff has presented extensive evidence concerning the value of the mobile.co domain name to Plaintiff's business and future plans.  That evidence makes clear that Plaintiff would have been interested in

- 4 -

acquiring mobile.co (which Plaintiff notes can be used world-wide) wherever it was hosted.

Thus, even if Defendant's contacts and agreements with GoDaddy could be viewed as Defendant having personally availed himself of the privilege of doing business in Arizona, he did so with respect to his business dealings with GoDaddy and any potential future dispute with GoDaddy, not with respect to the contract with Plaintiff at issue in this case. The Court cannot conclude that this lawsuit arises from the fact that the domain name was hosted at GoDaddy.

### B. Negotiation and Execution of the Contract.

Defendant advertised the mobile.com domain name for sale on Sedo.com, and Plaintiff initiated negotiations through Sedo.com to buy it. Defendant argues, and Plaintiff does not dispute, that the negotiations were "blind" – Plaintiff and Defendant did not know with whom they were negotiating until a final contract was reached. Although Defendant did learn that Plaintiff was the buyer after the contract was executed, even then the contract identified Plaintiff as being located in Nevada, its state of incorporation.

The Court cannot say that Defendant purposefully availed himself of the privilege of doing business in Arizona when he participated in a blind negotiation through Sedo.com. Defendant did not know with whom he was negotiating, where they were located, or the source of the funds he would be paid. Even when the contract was completed, he still did not know that the buyer was located in Arizona. Plaintiff argued at the April 3 hearing that Defendant easily could have done an Internet search after the contract was executed, and that such a search would have shown that Plaintiff and Mr. Peterson are based in Arizona. But the mere ability to conduct such an Internet search does not constitute purposeful availment of the privilege of doing business in Arizona. As noted above, the purposeful availment test requires "*affirmative conduct* allowing or promoting the transaction of business within the forum state." *Gray & Co.*, 913 F.2d at 760 (emphasis added).

The Court finds support for this conclusion in *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008). In that case, Wisconsin-based defendants sold an automobile through eBay to the plaintiff in California. When the plaintiff sought to sue the defendants in California for problems with the car, the Ninth Circuit held that the defendants were not subject to specific jurisdiction in California. The court of appeals noted that the defendants did not "conduct regular sales in California (or anywhere else) via eBay" and did not enter into a contract that created "any ongoing obligations . . . in California," and that the parties "were to go their separate ways" once the sale was completed. *Id.* at 1017. The Court concluded that "the lone transaction for sale of one item does not establish that the Defendants purposefully availed themselves of the privilege of doing business in California." *Id*. The contract at issue in this case also involved the sale of a single item over the Internet, with the parties to go their separate ways after the money was paid and the domain name transferred.

*Boschetto* rejected the argument that the defendants' use of an Internet sales site such as eBay could support personal jurisdiction in California. *Id.* at 1119 ("The use of eBay no doubt made it far easier to reach a California buyer, but the ease with which Boschetto was contacted does not determine whether the nature and quality of the Defendants' contacts serve to support jurisdiction."). *Boschetto* implied that Internet sales through entities such as eBay (or, presumably, Sedo.com) might give rise to personal jurisdiction where a defendant uses the service to deliberately seek out and facilitate repeated sales in a particular state. *Id.* ("Where eBay is used as a means for establishing regular business with a remote forum such that a finding of personal jurisdiction comports with 'traditional notions of fair play and substantial justice,' then a defendant's use of eBay may be properly taken into account for purposes of establishing personal jurisdiction." (citation omitted)). Plaintiff asserts that Defendant advertises over 1,800 domain names for sale on Sedo.com, but Plaintiff has presented no evidence that Defendant used Sedo.com or other Internet tool to focus on Arizona.

### C. Post-Litigation Actions.

Plaintiff argues that the Court should consider Defendant's post-litigation actions, namely the transfer of the domain name away from GoDaddy and Defendant's Facebook messages with Mr. Peterson, as a part of the jurisdictional analysis. These contacts, however, do not satisfy the second element of the specific jurisdiction test – this lawsuit does not arise out of them.

The authority presented by Plaintiff at the April 3 hearing is not persuasive on this point. The cases cited by Plaintiff involved defendants whose claimed lack of contact with the forum state was belied by their establishment of ongoing business operations in the forum after commencement of the litigation. *See Endless Pools, Inc. v. Wave Tec Pools, Inc.*, 362 F. Supp. 2d. 578, 585-86 (E.D. Pa. 2005) (considering, in the context of a trademark infringement case, defendant's post-litigation contacts with the forum where defendant had employed "a Pennsylvania-based sales representative," "contact[ed] Pennsylvania residents," and "deliberately solicited and transacted business in Pennsylvania"); *Educ. Testing Servs. v. Katzman*, 631 F. Supp. 550, 556 (D.N.J. 1986) (considering post-litigation contacts with the forum where "the defendant has subsequent to the filing of a complaint, established a continuous and systematic presence in the forum state" and "those actions [were] a mere continuation of those underlying the complaint"). Defendant's actions after the commencement of this litigation were of a different variety. His move of the domain name away from GoDaddy reduced his contacts with this state, and his Facebook communications with Mr. Peterson were not tantamount to establishment of an ongoing business presence here.

### D. Conclusion.

The principle of general jurisdiction holds that a defendant with continuous and systematic contacts in a state can be subject to suit there for any claim. The idea is that a defendant so firmly entrenched in a state will reasonably expect to be sued there and can fairly be haled into court there on any basis. Specific jurisdiction is different. It rests on

- 7 -

specific contacts with a state, and justifies suit only on matters that arise out of those specific contacts. Given the distinction between these two kinds of jurisdiction, the Court concludes that it cannot rely on some forum contacts to satisfy the first part of the specific jurisdiction test (purposeful availment) and other forum contact to satisfy the second part (arising out of). General jurisdiction looks to contacts unrelated to the lawsuit to justify the exercise of personal jurisdiction; specific jurisdiction does not. Specific jurisdiction requires that the lawsuit arise out of the specific contacts that satisfy the purposeful availment test.

For this reason, the Court cannot use Defendant's GoDaddy contacts to satisfy the purposeful availment prong, and use his sale-contract actions, which are not sufficient to show purposeful availment, to satisfy the "arising out of" prong. If specific jurisdiction is to exist, the specific contacts that satisfy the first prong must also satisfy the second. As discussed above, the GoDaddy contacts do not satisfy the "arising out of" requirement and the sale-agreement contacts do not constitute purposeful availment. The Court therefore concludes that it cannot exercise specific personal jurisdiction over Defendant.

Because the Plaintiff cannot show that Defendant is subject to personal jurisdiction in this Court, it cannot show a likelihood of success on the merits or even the existence of serious questions related to the merits of the case. The Court will therefore grant Defendant's motion to vacate the TRO and deny the motion for a preliminary injunction. The Court will also deny as moot Plaintiff's motion for alternative service.[1]

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 4) is **denied**. Defendant's motion to vacate the temporary restraining order (Doc. 20) is

---

[1] Plaintiff asserts that the Sedo.com sale agreement calls for the application of Massachusetts law to any dispute between the parties, and suggests in passing that the Court should transfer this case to Massachusetts if it finds no personal jurisdiction in Arizona. Doc. 24 at 15. Plaintiff identifies no legal basis upon which the Court could make such a transfer, does not discuss whether Defendant would be subject to suit in Massachusetts, and does not identify the federal or state law that would apply to such a personal jurisdiction analysis there. Plaintiff has not shown that the Court should transfer this case to Massachusetts.

**granted**. The Court's temporary restraining order (Doc. 15) is **vacated**. Plaintiff's motion to amend/correct [18] is **denied as moot**. Plaintiff's motion for alternative service (Doc. 25) is **denied as moot**.

Dated this 4th day of April, 2014.

David G. Campbell
United States District Judge